54 CCPA
**Application of Dewey I. DOYLE, Dewey I. Doyle, Jr. and Patrick E. Doyle.**
**Patent Appeal No. 7747.**

United States Court of Customs and Patent Appeals.
Feb. 2, 1967.

———◆———

Marzall, Johnston, Cook & Root, Daniel V. O'Keeffe, Chicago, Ill., for appellants.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

SMITH, Judge.

The Board of Appeals affirmed the examiner's rejection of claims 9 and 11 of appellants' application serial No. 198,155, filed May 28, 1962 for Vacuum Cleaner Units. The claims are directed to tank type vacuum cleaner units in which the dirt-laden air passing through the unit strikes a baffle plate before it is drawn through a filter bag. Appellants' position is that such a unit is novel in that solid debris such as rocks, pins, pieces of glass, and the like, may be picked up without having it come in contact with and damage the filter bag, and that a unit so constructed and held in a vertical position can pick up liquids without wetting the filter bag.

The structure of the unit is detailed in appealed claim 9 as follows:

9. A vacuum cleaner unit comprising

(a) a casing having a lower portion, an upper portion, and an intermediate portion disposed between said upper and lower portions, with said lower portion removably mounted on the lower end of said intermediate portion in position to afford a recovery chamber,

(b) said casing having an air outlet in said upper portion,

(c) an air inlet nozzle projecting upwardly through said lower portion and terminating at its upper end substantially in uniplanar relation to the junction of said lower portion and said intermediate portion,

(d) means for drawing air into said casing through said nozzle and discharging said air from said casing through said outlet,

(e) a filter bag removably mounted on the bottom edge portion of said intermediate portion and extending upwardly therefrom into said casing in such position that air flowing from said nozzle to said outlet must pass through said bag,

(f) said bag being open at the bottom and being removable from said casing through the bottom of said intermediate portion when said lower portion of said casing is removed from said intermediate portion, and

(g) a baffle partially filling said casing,

(h) said baffle being disposed in the lower portion of said intermediate portion above said nozzle in such position that all foreign material entrained in the air flowing upwardly from said nozzle impinges against said baffle and is deflected downwardly thereby out of contact with said bag.

Claim 11 is dependent from claim 9 and is directed to the removability of the upper portion of the casing. The claims have been considered together.

The references relied upon in rejecting the claims are:

| | | |
|---|---|---|
| Vose | 2,346,339 | April 11, 1944 |
| Wenner-Gren | 1,782,640 | November 25, 1930 |

In the examiner's answer, the features of the Vose reference relied upon were set forth in a format corresponding to that of appealed claim 9 as follows:

Vose shows a vacuum cleaner unit comprising:

(a) a casing having a lower portion 40, an intermediate portion (above 33) and a top portion 10, the lower portion providing a recovery chamber,

(b) said casing having an air outlet in the upper portion (see arrow),

(c) an air inlet nozzle 29 projecting upwardly through said lower portion and terminating adjacent the juncture of the bottom and intermediate portions,

(d) means (blower unit 10) for drawing air through the casing and discharging it from said outlet,

(e) a filter bag 32 mounted at the bottom of the intermediate portion and extending upwardly therefrom in such position that air flowing from said the inlet nozzle to the outlet must pass through the bag,

(f) said bag being open at the bottom and

(g) a baffle 37, 39 partially filling said casing,

(h) said baffle being disposed in the lower portion of said intermediate portion above said inlet nozzle in such position that all foreign material entrained in the air flowing upwardly from the nozzle impinges on the nozzle [sic, baffle].

The operation of the Vose cleaner is substantially the same as the operation of appellants' device as described above and is believed to be clearly indicated in Figure 2 of the reference.

The examiner's answer also states:

Wenner-Gren is cited and applied because of the showing of a vacuum cleaner casing construction which includes (1) a lower portion 24 removably mounted on the intermediate [portion] thereof and (2) a filter bag removably mounted between said lower portion and an intermediate portion of the casing. These are the pertinent teachings of Wenner-Gren.

The rejection of claims 9 and 11 was based on 35 USC 103. The examiner conceded the existence of differences between the claimed structure and the structures of the prior art, stating:

* * * It will be readily apparent from the above description that the structure defined by the claims differs from that shown by Vose only in

(1) describing the lower portion as being "removably mounted" on the intermediate portion,

(2) describing the upper end of the inlet nozzle as terminating "substantially in uniplanar relation" to the junction of said lower portion and said intermediate portion, and

(3) describing the filter bag as being "removable" from said casing through the bottom of the intermediate portion.

It was the examiner's position, with which we agree as did the Board of Appeals, that as to the first difference noted it would be obvious to make the lower portion of Vose's casing separable and removable as shown by Wenner-Gren.

As to (2) above, while the upper end of Vose's inlet nozzle is not shown as in the same plane as the juncture of the lower portion and the intermediate portion, it would appear to be obvious to one of ordinary skill in the art to make the inlet nozzle of any desired length, absent an unexpected result attributable to a particular length of the nozzle in relation to the other parts.

As to (3) above, Wenner-Gren clearly teaches making a lower casing portion removable from an intermediate portion and clamping a filter bag between said portions so that the filter bag is removable through the bottom of the intermediate portion. It would have been obvious to any worker in the art at least as early as the Vose and Wenner-Gren references that the lower portion of the Vose casing could be made removable and the filter bag supported between casing portions as taught by Wenner-Gren.

Appellants point out in their brief what they consider to be the deficiency in the Vose disclosure. After describing the Vose construction they state:

Such construction, of course, does not prevent all damage to the filter bag by reason of the impingement of sharp objects, and the like, there-against. Also, obviously, it does not prevent liquid entrained in the air from engaging the filter bag and soaking the same. It is apparent that Vose recognized (and specifically taught) that his device was incapable of preventing all impingement of such entrained materials against the bag. However, he neither discloses nor suggests any solution to the problem.

However, we note the following statement in the Vose patent which suggests that the Vose construction did in fact provide a baffle so placed as to protect the filter bag from damage by solid debris moving at the velocity of the air. Thus, Vose states:

By separating the motor driven blower unit from the cleaner per se, I find that a great deal more flexibility is obtained, and the cleaning-up job can be done in a minimum of time. In both arrangements shown, the chamber * * * within the casing * * * is particularly adapted to hold a large quantity of recovered or picked-up material, and this material is, as pointed out above, prevented from injuring or destroying the filter bag * * * due to the fact that the material first impinges upon the rubber disc * * * mounted on the target * * * and has its force spent, and then falls down into the chamber * * *. None of the recovered material remains on the surface of the strainer bag * * * due to the fact that the latter is inverted.

Vose also describes his target disc as being "of sufficient diameter to be engaged by all of the material passing into said container through said tubular member," which then falls down into the lower chamber. Nowhere does he state that only partial protection of the filter bag is afforded by his target disc, as contended by appellants. A reasonable interpretation of the passage in Vose selected and relied upon by appellants to support their argument as to a deficiency in the Vose teachings is that impingement of particles on the Vose target disc prevents *undue wear* of the fabric in the filter bag, such as would occur in the absence of such a target. Clearly Vose provides a construction in which at least the more dense particles are deflected into the lower chamber. These particles are the ones which pose the greater threat to the bag. The finer particles will contact and be restrained in the filter bag without harm, in appellants' arrangement as well as in that of Vose.

Otherwise, there would appear to be no need for a filter bag. The solicitor argues, and we agree, "it is not apparent that claim 9 requires a greater protective relationship than shown by Vose, and the record is devoid of any comparative proof in that respect."

It appears to us as it did to the board that persons of ordinary skill in the art would find it obvious to make the Vose container in two parts as taught in the Wenner-Gren reference. While the terminal of the inlet tube might not be in the plane of such separation between these parts, we note that such relationship is also true in appellants' device as claimed.

While appellants have asserted the existence of a problem in the art to bolster their argument as to the nonobviousness of their invention as claimed in claims 9 and 11, we agree with the examiner in his answer that:

* * * It is not apparent what "problem" appellants consider that they have solved that was not solved by the prior art. The disclosed vacuum cleaner of Vose meets all the objects of invention set forth by appellants and the minor variations in casing design recited in the claims are shown to be old and well-known in the art. Appellants have not pointed out any structure recited in the claims which is not shown by the prior art of record.

This is a very different factual situation from that before us in In re Rothermel, 47 CCPA 866, 276 F.2d 393, and does not warrant the application here of the rule there stated that:

Viewed after the event, appellants' invention may appear to be simple and as such obvious to those of ordinary skills in this art. This, however, is not a basis upon which to reject the claims. Where the invention for which a patent is sought solves a problem which persisted in the art, we must look to the problem as well as to its solution if we are to properly appraise what was done and to evaluate it against what would be obvious to one

having the ordinary skills of the art. Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U.S. 45, [43 S.Ct. 322, 67 L.Ed. 523]; Goodyear Tire & Rubber Co., Inc. v. Ray-O-Vac Co., 321 U.S. 275, [64 S.Ct. 593, 88 L.Ed. 721].

Considering the record, we think the structure claimed by appellants in claims 9 and 11 would have been obvious to one of ordinary skill in this art prior to any date of invention asserted by appellants.

We therefore affirm the decision of the Board of Appeals.

Affirmed.